FILED

99 JUL 14 PM 3:49

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

JUL 14 1999

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

SAMSON HALL, )
)
    Plaintiff, )
)
vs. ) CV 99-PT-0100-M
)
U. S. STEEL MINING CO., LLC, )
d/b/a OAK GROVE MINES, )
)
    Defendant. )
)

## MEMORANDUM OPINION

This cause comes on to be heard on the Motion For Partial Summary Judgment filed by plaintiff on May 18, 1999, plaintiff's Amended Motion For Partial Summary Judgment filed on May 27, 1999, and Defendant U. S. Steel Mining Co., LLC's Motion For Summary Judgment filed on May 24, 1999.

The plaintiff has dismissed his ADA claim. The court considers his § 1981 claim and his FMLA claim.[1]

### § 1981 Claim

The defendant argues that plaintiff received a suspension with intent to discharge on January 6, 1997 which was affirmed on January 8, 1997, and that, since this action was not filed until January 17, 1999, the § 1981 claim is time barred. It is undisputed that the only alleged

---

[1] The plaintiff filed an EEOC charge on or about March 19, 1997. The EEOC issued a no probable cause determination on or about July 10, 1997. This action was not filed until January 19, 1999. Thus, plaintiff attempts to proceed under § 1981.

30

discriminatory act with regard to plaintiff took place on January 6, 1997, and certainly no later than January 8, 1997 when the decision was maintained. All that took place thereafter was the grievance process. The defendant took no further action which could be deemed discriminatory. The § 1981 claim is time-barred. See Delaware State College v. Ricks, 449 U.S. 250 (1980). The grievance proceedings and arbitration followed the decision.[2] The plaintiff knew of the decision. He grieved it.[3]

In any event, the court has carefully reviewed the alleged racial discrimination evidence referred to by plaintiff. None of the alleged comparator situations are similar, certainly not "nearly identical."[4] The evidence is that the plaintiff made a "last ditch" effort with plaintiff on more than one occasion. There is no reasonable inference of race discrimination. There is no substantial evidence which rebuts the defendant's articulated reason(s) for its actions.

## FMLA Claim

The court also agrees that the FMLA claim is barred by the two-year statute of limitations. Again, see Ricks, supra.[5] There is no reasonable inference that the alleged violation(s), if any, of the

---

[2]The court does not reach the issue as to what extent, if any, the arbitrator's factual findings are binding by virtue of collateral estoppel or admissible under Fed. R. Evid. 803(8). See Alexander v. Gardner-Denver Co., 415 U.S. 36, 60 (1974)(before Federal Rules of Evidence); Jackson v. Bunge Corp. 40 F.3d 239, 246 (7th Cir. 1994)(after Fed. R. Evidence); and McAlester v. United Air Lines, Inc., 851 F.2d 1249, 1259 (10th Cir. 1988). This court recognizes that the arbitrator's decision cannot defeat plaintiff's statutory claims, and simply notes that there may be an issue not reached, as to admissibility, etc.

[3]Plaintiff has not distinguished Ricks nor even addressed it.

[4]Much of plaintiff's purported evidence in this regard is inadmissible.

[5]By plaintiff's own argument, the defendant allegedly violated the FMLA when it took an employment action against him.

2

FMLA violation(s) were willful. Plaintiff did not clearly request, if at all, medical leave. The issue had become not one of medical leave or not. It had become one of termination.

Based on the statutory limitations bar, defendant's motion is due to be granted. There are no genuine issues of fact. The defendant's motion for summary judgment will be granted.[6]

This __14TH__ day of July, 1999.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] The court does not accept the defendant's apparent arguments that the CBA and/or its own policies can somehow override the FMLA requirements. The court's decision as to § 1981 is significantly based upon both the statute of limitations and the merits. There is no evidence that any articulated reasons were a pretext for race discrimination. The court's decision as to the FMLA is primarily based on the statute of limitations bar. While there are substantial issues on the merits with reference to the FMLA claim(s), the court does not reach them.

3